UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

CALVIN C. FREEMAN,

        Defendant.

Case No. 19-cr-103-pp

**ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO COMPEL COUNSEL TO SURRENDER THE CASE FILE IN THE ABOVE STYLED ACTION TO THE DEFENDANT OF THIS CASE (DKT. NO. 204)**

On November 3, 2023, the Seventh Circuit issued an order affirming the defendant's conviction. Dkt. No. 202 at 2-8. The defendant petitioned for rehearing, and on December 26, 2023 the Seventh Circuit denied his petition for rehearing and rehearing *en banc*. Id. at 9. Rule 13(1) of the Rules of the Supreme Court of the United States says that a party must file a petition for writ of *certiorari* from a judgment entered by a United States Court of Appeals within "90 days after entry of judgment." Rule 13(3) explains that that ninety days runs from the date of the denial of the request for rehearing.

Section 2255(f)(1) of Title 28 requires a person seeking to file a motion to vacate, set aside or correct a federal sentence which he believes to have been imposed in violation of the Constitution or laws of the United States to file that motion within one year of the date on which the judgment became final. "[W]he petitioners fail to file a petition for certiorari, their conviction is considered final

1

at the expiration of the 90-day time period to file a petition for certiorari." Susinka v. United States, 19 F. Supp. 3d 829, 834 (N.D. Ill. 2014). In this case, it appears that the defendant's conviction will become final somewhere around March 25, 2024, assuming he has not filed a petition for *certiorari* with the U.S. Supreme Court.

It is against this backdrop that the defendant has filed this motion asking the court to compel the lawyer who represented him before the district court to turn over to him counsel's entire case file. Dkt. No. 204. The defendant seeks transcripts reviewed for appeal advice; all the discovery that was provided by the government at the trial level; all court filings, motions, responses and orders; and "[a]ll other notes, letters, correspondence, plea agreements, emails, and/or any other tangible thing associated with this case." Id. at 1-2. The defendant explains that he plans to file a motion to vacate, set aside or correct his sentence under 28 U.S.C. §2255 and acknowledges that he has only a year in which to do so. Id. at 2. The defendant says that he has made attempts to call, or has written to, his trial counsel, but that counsel has failed to provide the defendant with the entire case file. Id. The defendant believes that counsel deliberately is withholding the case file to prevent the defendant from arguing that counsel was ineffective. Id. at 2-3, 4. The defendant asserts that the court has the authority to order counsel to turn over the entire file because counsel created the file while representing the defendant

and counsel has an ethical duty not to obstruct the defendant's attempts to challenge his conviction/defense. Id. at 3.[1]

The court will deny the defendant's motion without prejudice. As one of this court's colleagues has explained, a non-party to a lawsuit (like the defendant's former attorney) "may be compelled to provide requested documents with a subpoena. *See generally*, [Federal Rule of Civil Procedure] 45." Chagoya v. United States, Case No. 22-CV-356-JPS-JPS, 2022 WL 17403632, at *11 (E.D. Wis., Dec. 2, 2022). The defendant may serve a subpoena on his attorney if he wishes to compel his attorney to turn over documents the defendant needs to prepare his §2255 motion.

That said, as this court's colleague also observed in Chagoya,

> . . . [I]t is . . . defense counsel's duty to turn over [the defendant's] case file to him.
>
> * * * * *
>
> The Wisconsin ethical rules for attorneys provide that, "[u]pon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interest . . . [including] surrendering papers and property to which the client is entitled." Wis. Sup. Ct. R. 20:1.16(d). A formal ethics opinion similarly states

---

[1] The defendant cites several cases from other jurisdictions, including some the court could not find in its electronic database. For example, the defendant cites "United States v. Dorman, 58 M.J. 295 (C.A.A.F. 2003)." Dkt. No. 204 at 3. The court does not recognize this citation format or the court, and could not find a 2003 case with the name "Dorman" in Westlaw. On the other hand, the defendant cited Maxwell v. Florida, 479 U.S. 972, 107 S. Ct. 474, 477-78 (1986), a memorandum decision from the U.S. Supreme Court in which Justice Brennan dissented from a denial of a petition for *certiorari*, and in so doing, opined that counsel was required to cooperate with the defendant's attempts to challenge his conviction or sentence even after representation is complete, and that the "right to effective assistance of counsel fully encompasses the client's right to obtain from trial counsel the work files generated during and pertinent to that client's defense."

3

that "the client's file is the client's property and SCR 20:1.16(d) requires a lawyer to surrender the file upon termination of representation." Wis. Formal Ethics Op. EF-16-03: Surrender the Client File upon Termination of Representation (2016).

Chagoya, 2022 WL 17403632, at *12. Like the court in Chagoya, this court emphasizes that the defendant's trial counsel is ethically bound to honor the defendant's request for his file.

Although the court is denying the defendant's motion, it does so without prejudice. It will send a copy of this order to the defendant's trial counsel. If the defendant does not receive the documents to which he is entitled in response to another request from the defendant, or in response to a subpoena, he may bring another motion. The court reminds the defendant that his trial attorney's contact information is:

Pruhs & Donovan, S.C.
757 North Broadway
Milwaukee, WI 53202

The court **DENIES WITHOUT PREJUDICE** the defendant's motion to compel counsel to surrender the case file. Dkt. No. 204.

Dated in Milwaukee, Wisconsin this 26th day of February, 2024.

BY THE COURT:

_____
**HON. PAMELA PEPPER
Chief United States District Judge**