UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

                            Case No. 19-cr-103-pp

CALVIN C. FREEMAN,

        Defendant.

**ORDER DENYING DEFENDANT'S *PRO SE* MOTION SEEKING SENTENCE REDUCTION BASED ON CHANGES IN THE SENTENCING GUIDELINES (DKT. NO. 207)**

      A jury convicted the defendant of fourteen counts, including conspiracy to engage in sex trafficking; sex trafficking by force, fraud or coercion; interstate transportation of a person for prostitution; possession of a firearm and ammunition by a prohibited person; obstruction of sex trafficking enforcement; transporting a minor with intent to engage in criminal sexual activity and contempt of court. Dkt. No. 110. On October 4, 2021, the court sentenced the defendant to serve 540 months (forty-five years) in custody. Dkt. Nos. 140 (sentencing hearing minutes), 141 (judgment), 143 (amended judgment).

      Under the United States Sentencing Guidelines in effect when the court sentenced the defendant (the 2018 edition of the Guidelines Manual), a defendant would receive two (2) additional criminal history points if he committed the offenses of conviction while "under any criminal justice

sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. §4A1.1(d) (2018 edition of the Guidelines Manual). In other words, if the defendant was on some kind of supervision at the time he committed his federal crimes, he would receive two (2) "status points" on top of any other criminal history points he'd accrued.

On November 1, 2023, Amendment 821 to the United States Sentencing Guidelines went into effect. Parts of that amendment are retroactive. Part A addresses "status points"—those extra criminal history points assessed against someone who committed the instant offense while under a criminal justice sentence (probation, parole, supervised release, imprisonment, work release or escape status). United States Sentencing Commission Guidelines Manual, Supplement to Appendix C, at 240 (2023). The new guideline—which is retroactive—now states that a defendant who has seven (7) or more criminal history points and commits the instant offense while under a criminal justice sentence receives only one "status" point, and a defendant who has less than seven (7) criminal history points and committed the instant offense while under a criminal justice sentence receives no "status" points. U.S.S.G. §4A1.1(e) (2023 edition of the Guidelines Manual).

This amended guideline does not help the defendant because it allows the court to grant a sentence reduction only if the court had assessed status points against the defendant at the time of his original sentencing. In this case, the presentence report did not recommend that the court assess the defendant status points, see Dkt. No. 124 at ¶¶252-53, and contrary to the defendant's

2

assertion in his motion, the court did not assess status points against him, see Dkt. No. 140 at 4. Because the court did not assess two (2) "status points"—or *any* "status points"—against the defendant, he is not entitled to a two-point (2) reduction in his criminal history category.

Another change brought about by Amendment 821 was the creation of a new guideline—§4C1.1—that allows a court to decrease by two (2) levels the defendant's Chapter Two offense level if he has no criminal history points and meets certain other requirements. Those requirements include not using violence or credible threats of violence during the offense of conviction. The defendant does not qualify for a reduction under this new guideline, either. The defendant had twelve (12) criminal history points at the time he was sentenced. Dkt. No. 124 at ¶¶252-253; Dkt. No. 140 at 4. The defendant also was convicted of several offenses involving violence or credible threats of violence. Because the defendant did not have zero (0) criminal history points and because several of the offenses of conviction involved violence or credible threats of violence, the defendant is not entitled to a two (2)-level reduction in his offense level under new guideline §4C1.1.

In his motion, the defendant asked the court to appoint counsel to help him identify any additional relief to which he might be entitled. The court appointed a staff attorney from Federal Defender Services for the limited purpose of assisting the plaintiff in determining whether he qualified for a sentence reduction under Amendment 821. Dkt. No. 208. That attorney

subsequently informed the court that he would not be filing anything on the defendant's behalf. Dkt. No. 210.

The defendant has other motions pending; the court will address those in a separate order.

The court **DENIES** the defendant's *pro se* motion for a sentence reduction under Amendment 821. Dkt. No. 207.

Dated in Milwaukee, Wisconsin this 4th day of June, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**
